UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

TIA MINTER                                                                                                              PLAINTIFF

v.                                                                                       CIVIL ACTION NO. 3:11-CV-00249

LIBERTY MUTUAL FIRE
INSURANCE COMPANY                                                                                        DEFENDANT

### MEMORANDUM OPINION

This matter is before the court on the plaintiff's motion for leave to file an amended complaint (DN 14), and the plaintiff's motion for an extension of time to respond to the defendant's motion for summary judgment (DN 18). For the reasons explained herein, both of plaintiff's motions will be granted.

### BACKGROUND

Plaintiff Tia Minter initially brought this action against defendant Liberty Mutual Fire Insurance Company in Jefferson County, Kentucky, Circuit Court. In the complaint filed in state court, Minter alleged that on August 29, 2007, non-party Debra Floeter negligently operated her vehicle, causing it to collide with a vehicle driven by Minter, which in turn caused Minter to suffer serious injury (Compl., DN 1-1 ¶ 5). Floeter had an insurance policy issued by State Farm Insurance Company (*id.* ¶ 8). Minter had an insurance policy issued by Liberty Mutual that provided underinsured motorists coverage to her (*id.* ¶ 6). State Farm tendered its policy limits of liability coverage to Minter, which Minter accepted (*id.* ¶ 8). Liberty Mutual was notified of the tender of limits and subsequently waived its subrogation rights against Floeter and consented to

the settlement (*id.*). On March 30, 2010, Minter filed an action directly against Liberty Mutual seeking the underinsured motorist benefits under her insurance policy (*id.* ¶ 9). Alleging that Liberty Mutual made no offer to settle Minter's claim for more than one year, despite that supposedly all evidence indicated Floeter was at fault and that Minter had suffered a serious injury as a result of Floeter's negligence (*id.* ¶ 11), Minter brought claims against Liberty Mutual for violating the Kentucky Unfair Claims Settlement Practices Act and for common law bad faith.

Minter filed her complaint in the Kentucky court on or about March 30, 2011. On April 27, 2011, Liberty Mutual removed to this court under its diversity jurisdiction.

On July 29, 2011, the Magistrate Judge entered a Memorandum of Rule 16 Scheduling Conference and Order. That order stated that all factual discovery depositions shall be completed no later than December 31, 2011, and that the parties anticipated completion of initial written discovery by September 15, 2011. The scheduling order also provided that motions for joinder of parties or amendment of pleadings shall be filed by the plaintiff no later than December 15, 2011, and from the defendant no later than December 27, 2011. All potentially dispositive motions were due to be filed no later than March 15, 2012.

On September 12, 2011, Liberty Mutual filed a motion for summary judgment. First, Liberty Mutual claimed that res judicata bars Minter's bad faith claims stemming from Liberty Mutual's actions prior to Minter filing the first lawsuit against Liberty Mutual seeking the underinsured motorists benefits under the insurance policy. Liberty Mutual argues that Minter could have brought any such claims of bad faith based on pre-litigation conduct in that earlier

lawsuit. Second, Liberty Mutual argued that there was insufficient evidence to sustain Minter's bad faith claims.

Minter responded by filing a motion for an extension of time to file a response to the motion for summary judgment. Minter argued that the case was in its infancy and she needed an opportunity to develop the facts supporting her claim. Liberty Mutual opposed the motion for an extension of time. First, Liberty Mutual asserted that the motion was untimely. Second, Liberty Mutual contended that the motion should be denied because it was not accompanied by an affidavit showing what relevant facts additional discovery would uncover. Liberty Mutual reiterated its positions that Minter's bad faith claims stemming from Liberty Mutual's pre-litigation conduct were barred by res judicata and that there was no evidence of improper conduct on Liberty Mutual's part. Minter filed a reply, to which her attorney attached an affidavit explaining why counsel believed additional discovery was warranted.

Additionally, Minter sought to amend her complaint to add a claim under the Kentucky Consumer Protection Act. Minter sought to add no new factual allegations. Instead, Minter simply alleged that "[t]he actions of Liberty Mutual," including its "fail[ure] to honor i[t]s contractual commitments," constituted "unfair, false, deceptive and misleading acts and practices," and that she had suffered injury and damages as a result (Proposed First Am. Compl., DN 14-2 ¶¶ 21-23). Liberty Mutual opposed the motion to amend, arguing that Minter had no viable Kentucky Consumer Protection Act claim and that she acted in bad faith or with a dilatory motive in seeking to amend the complaint. Liberty Mutual argued that Minter's motion to amend was nothing more than an attempt to forestall entry of summary judgment in Liberty Mutual's favor.

## ANALYSIS

*A. Motion for an Extension of Time*

As an initial matter, Liberty Mutual raises two procedural issues that it claims merit denial of Minter's motion for an extension of time. As explained below, neither of those procedural arguments provides sufficient grounds to deny Minter's motion.

Liberty Mutual first claims that the motion is untimely, in that it was filed on October 5, 2011, 23 days after Liberty Mutual served Minter with its motion for summary judgment. Liberty Mutual argues that Joint Local Rule 7.1(c) of the United States District Courts for the Eastern and Western Districts of Kentucky requires a party to file a response to a summary judgment motion within 21 days of service of the motion. However, Minter points out that Federal Rule of Civil Procedure 6(d) provides for an additional three days of time to respond to documents served in certain manners, including by electronic means through a court's transmission facilities, as the summary judgment motion here was served. FED. R. CIV. P. 5(b)(2)(E), 5(b)(3), 6(d). Moreover, the docket sheet in this case states that Minter's response to the summary judgment motion was not due until October 6, 2011, one day after Minter filed her motion for an extension of time. Minter's motion for an extension of time was therefore timely.

Liberty Mutual also argues that this court may deny the motion for an extension of time to conduct further discovery because it was not accompanied by an affidavit showing how an extension of time would reveal additional information. Liberty Mutual points out that Minter filed no such affidavit with her motion for an extension of time. In her reply papers, while arguing that a formal affidavit is not strictly required by the Federal Rules of Civil Procedure, Minter also provided the court with an affidavit from her attorney concerning her need for

additional discovery. Accordingly, the court will decline to deny her motion on the basis that Minter has failed to provide an affidavit, and will instead assess the motion on its merits.

The court believes that additional discovery is warranted, as it is clear that, while some discovery has occurred, it has not yet been sufficient to provide Minter the opportunity to gather facts supporting her allegations.

Initially, this court turns to Liberty Mutual's contention that Minter's motion for an extension of time should be denied because res judicata bars the assertion of any claims premised on Liberty Mutual's alleged bad faith prior to the institution of Minter's state court lawsuit against Liberty Mutual for the uninsured motorist benefits due under her policy. *See Rawe v. Liberty Mut. Fire Ins. Co.*, 462 F.3d 521 (6th Cir. 2006). It would appear to be true that no amount of additional discovery will turn up facts that will affect that purely legal issue. However, an insured may bring a claim under the Kentucky Unfair Claims Settlement Practices Act relating to an insurer's conduct after the commencement of litigation by the insured against the insurer. *See Knotts v. Zurich Ins. Co.*, 197 S.W.3d 512 (Ky. 2006). Minter's allegations clearly relate, at least in part, to Liberty Mutual's actions after Minter filed her first suit against Liberty Mutual for the underinsured motorists benefits. And, that portion of her bad faith claims does not appear to be precluded by res judicata. *See Rawe*, 462 F.3d at 528-531 (finding that bad faith claims based on pre-complaint conduct were barred by claim preclusion but those claims based on post-complaint conduct were not). Thus, resolution of the res judicata issue raised in Liberty Mutual's summary judgment motion will not resolve the entirety of Minter's claims.

Liberty Mutual also argues that the motion for an extension of time for additional discovery should be denied because there is no evidence that Liberty Mutual engaged in the type

of reckless disregard for Minter's rights that is required to prove a bad-faith claim. Perhaps Liberty Mutual's argument will ultimately prove to be correct. However, arguing that there is no evidence of bad faith in the record is simply not an answer to the question of whether Minter should be entitled to further discovery to seek such evidence.

Liberty Mutual asserts that it has already "provided over 2000 pages of discovery to [Minter's] counsel including claim files and medical records," as well as its "electronic claims file . . . with redactions for core work product and reserve information only" (DN 20 at 8). But Minter's counsel has filed a signed and notarized affidavit stating that critical portions of the claim file had yet to be produced, and that those portions of the file will have information pertaining to Liberty Mutual's investigation of the accident, its medical examination of Minter, its reasons for failing to respond to Minter's letter demanding settlement prior to Minter's filing suit, the reasons for its delay in settling Minter's claim, and the reasons for its failure to offer Minter the full policy limits in its first settlement offer (DN 22-2 ¶¶ 3, 4). The affidavit also noted that Liberty Mutual had yet to produce "any witnesses for deposition," and that the deposition testimony of Liberty Mutual's employees would provide information concerning whether Liberty Mutual acted in bad faith and reckless disregard for Minter's rights in responding to Minter's uninsured motorist claim (*id.* ¶¶ 3, 6). In light of the affidavit from Minter's attorney, the court believes that Minter is entitled to further discovery prior to any determination as to whether she can produce sufficient evidence to survive a motion for summary judgment.[1]

---

[1]Notably, since the filing of Liberty Mutual's summary judgment motion and Minter's motion for an extension of time, the Magistrate Judge has granted a motion made by Minter to compel Liberty Mutual to fully answer the questions propounded in Minter's interrogatories and to

continue...

In short, it ultimately may prove true that Liberty Mutual acted reasonably and in good faith with respect to its investigation and settlement of Minter's uninsured motorists benefit claim. However, Minter is entitled to an opportunity to discover evidence concerning her allegations before this court decides whether she can present sufficient evidence to proceed to a jury on her claims.

### B. Motion to Amend

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that once the time passes for a party to file an amended pleading as a matter of course, leave to amend the pleading must be sought from the court. However, the rule also provides that the court "should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Thus, "[i]n the absence of any apparent or declared reason," such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment," leave should be granted *Id.* The Sixth Circuit has held that "futility" in the context of motions to amend means that a proposed amendment would not survive a motion to dismiss. *Thiokol Corp. v. Dep't of Treasury, State of Mich., Revenue Div.*, 987 F.2d 376, 383 (6th Cir. 1993).

---

[1]...continue
comply with Minter's request for the production of documents. That the Magistrate Judge entered such an order suggests that discovery of information potentially relevant to Minter's claim was not complete at the time Minter filed her motion for an extension of time.

Here, Minter filed her motion to amend on September 20, 2011, well before the December 15, 2011, deadline to amend the pleadings set forth in the scheduling order. There is no evidence that Minter engaged in undue delay or acted in bad faith or with dilatory motive in filing the motion. And while Liberty Mutual argues that Minter is merely trying to forestall entry of summary judgment against her, that is not self-evident. In fact, Minter took the proper step of filing a motion for an extension of time to respond to the motion for summary judgment–a motion that, as explained above, this court will grant.

Moreover, Minter's proposed amended complaint does nothing more than add a new cause of action, under the Kentucky Consumer Protection Act, which she contends is supported by the same facts underlying her bad faith claims. Thus, the amendment would not appear to require Liberty Mutual to engage in substantial amounts of further discovery beyond that required for the other claims.

Liberty Mutual also argues that Minter has no cause of action under the Kentucky Consumer Protection Act. However, in *Stevens v. Motorists Mut. Ins. Co.*, 759 S.W.2d 819 (Ky. 1988), the Kentucky Supreme Court held that insureds have a claim under the Consumer Protection Act against their own insurance company for false, misleading, or deceptive acts relating to the insurance company's alleged misconduct during the processing and settling of the insureds' claims. *See Rawe*, 462 F.3d at 527 (noting that Kentucky provides a "first-party bad faith" claim under the KCPA for "unlawful acts" as defined by that statute).

Liberty Mutual appears to argue that it did not engage in any false, misleading, or deceptive acts or practices with respect to Minter. Liberty Mutual states, in support of its contention in this regard, that Minter did not "seek treatment from any medical provider for 146

days after the subject motor vehicle accident," and that Liberty Mutual "had a right and a duty to investigate the causation of [Minter's] claims before paying her claim" (DN 19 at 8). Liberty Mutual further states that it paid Minter the policy limits for her uninsured motorist claim "less than ten months after the claim became ripe" (*id.*). Liberty Mutual concludes that its actions "were not unconscionable as a matter of law" (*id.*).

The problem with Liberty Mutual's argument in that regard is that it is one based on its view of the evidence, not on whether the proposed amended pleadings sufficiently state a claim under the Kentucky Consumer Protection Act. As noted above, in assessing futility, this court examines the proposed amendment to see if it would survive a motion to dismiss, *Thiokol*, 987 F.2d at 383, not whether it would survive a premature motion for summary judgment. And, of course, in assessing a motion to dismiss, a court "must construe the complaint in the light most favorable to plaintiff" and "accept all well-pled factual allegations as true." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007). Thus, Liberty Mutual's objections to the amendment premised on its own view of the facts are irrelevant to consideration of whether to allow the amendment.

Liberty Mutual also argues that res judicata bars Minter from asserting any claims premised on Liberty Mutual's conduct prior to the filing of Minter's first action in state court for uninsured motorist benefits. As detailed above, that argument may very well have force, but, just as with her bad faith claims, Minter's Consumer Protection Act claim is based, at least in part, on actions taken by Liberty Mutual after the commencement of that prior suit. Because, Minter's proposed Consumer Protection Act claim is, at least in part, not subject to dismissal on res

judicata grounds, the court will decline to deny leave to amend the complaint based on the futility of the proposed amendment.

In short, having considered Liberty Mutual's objections to Minter's motion to amend, the court finds that the motion to amend was not made in bad faith or with dilatory motive. Additionally, none of Liberty Mutual's arguments have convinced the court that the amendment would be futile in that it would not survive a motion to dismiss.

## CONCLUSION

Minter's motions for an extension of time and to file an amended complaint will be granted. A separate order will issue in accordance with this opinion.

July 17, 2012

**Charles R. Simpson III, Judge**
**United States District Court**

D03