UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

TIA MINTER                                                                                                       PLAINTIFF

V.                                                                        CIVIL ACTION NO. 3:11-CV-249-S

LIBERTY MUTUAL FIRE INSURANCE COMPANY                                            DEFENDANT

## MEMORANDUM OPINION

Liberty Mutual Fire Insurance Company ("Liberty Mutual") recently filed a motion for a protective order (docket no. 54) with respect to Ms. Minter's noticed depositions of three of its claims adjusters and an attorney who represented Liberty Mutual in Ms. Minter's underinsured motorist claim against it. Liberty Mutual asks the court to impose limitations on the duration and scope of the depositions, but its arguments in support of its motion pertain almost exclusively to the latter and can be distilled to one central premise: that a June 25, 2012, order regarding a non-dispositive discovery dispute (docket no. 38) is supposedly erroneous.[1] Liberty Mutual's motion for a protective order is thus more appropriately characterized as an attempt to do now what it did not do then (*i.e.*, object to the June order), plus an ancillary request to limit the amount of time permitted for certain depositions.

Pursuant to 28 U.S.C. § 636(b)(1)(A), a judge may designate a magistrate judge to hear and decide non-dispositive motions, including discovery disputes, and may reconsider a magistrate judge's determination if it has been shown that the magistrate judge's order is clearly erroneous or contrary to law. There is a time limit on the opportunity for that reconsideration, however.

---

[1] *See* Def.'s Mot. Protective Order at 1 ("The Magistrate Judge's previous order of June 12, 2012…is erroneous.")(docket no. 54); Def.'s Mem. at 1-2 ("The Magistrate's Order of June 25, 2012 is erroneous."), 5 ("The June 25, 2012 Order to Compel is erroneous."), 8 ("This Court's Order … erroneously ignored law in Kentucky and elsewhere…"), 12 ("the Magistrate Judge's opinion is based on flawed analysis"), 15 ("the Magistrate Judge's decision in the June 25, 2012 Order…was erroneous and did not properly interpret Kentucky law"), 19 ("the Magistrate Judge erred"). *Cf.* Def.'s Reply at 3 (rebutting Pl.'s argument that it did not present any basis to reverse the Magistrate Judge's Order").

Federal Rule of Civil Procedure 72(a) states that any objections to a magistrate judge's order regarding a non-dispositive matter must be filed within fourteen days after service of the objectionable order. It also states: "A party may not assign as error a defect in the order not timely objected to." Fed. R. Civ. P. 72(a). Notwithstanding the language in both 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a) regarding the district court's obligations and opportunities with respect to errors of law, the Sixth Circuit has interpreted Rule 72(a) as precluding review of any order not timely objected to by the party later asserting error. *See Moon v. Harrison Piping Supply*, 465 F.3d 719, 725 (6th Cir. 2006)(determining that a party's failure to timely object to an order regarding the filing of a second amended complaint meant not only that the issue was not properly before the district court, but also that the Sixth Circuit lacked jurisdiction to review the order); *see also* C. Wright and A. Miller, 12 Fed. Prac. & Proc. Civ. § 3069 (2d ed.)("Should a party fail to make timely objections, it has no right to review by the district judge of the action taken by the magistrate judge.) Because Liberty Mutual did not file a timely objection to the court's June order, it cannot now circumvent Rule 72(a) by filing untimely objections in the guise of a motion for a protective order. The June 25, 2012, order stands, and the untimely objection is overruled.

The court will, however, grant Liberty Mutual's procedurally appropriate request for a limitation on the duration of the noticed depositions. Plaintiff may, however, request additional time if she asserts a good-faith argument for doing so after the conclusion of each deposition.

The court will enter an order consistent with this memorandum opinion.

**DATE:**

cc: counsel of record