UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

TIA MINTER                                                                    PLAINTIFF

v.                                                        CIVIL ACTION NO. 3:11-CV-249

LIBERTY MUTUAL FIRE INSURANCE COMPANY                          DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the court pursuant to objections filed by defendant Liberty Mutual Fire

Insurance Company ("Liberty Mutual") (DN 65) to United States Magistrate Judge James D.

Moyer's December 10, 2012 order and an accompanying memorandum opinion.

This is an insurance bad-faith action brought by plaintiff Tia Minter against her insurer,

Liberty Mutual. It is related to a motor vehicle accident that occurred on August 29, 2007. Minter

alleges that non-party Debra Floeter caused the accident. According to Minter, Floeter was an

underinsured motorist as defined under Minter's insurance policy with Liberty Mutual and under

Kentucky law. Minter alleges that Floeter's insurer, State Farm Insurance Company, tendered to

Minter its total policy limits of liability coverage; Liberty Mutual was notified of the tender,

consented to the settlement, and waived its subrogation rights against Floeter.

On March 30, 2010, Minter filed suit directly against Liberty Mutual on her claim for

underinsured motorist benefits under her insurance policy. Minter alleges that, despite that Minter's

serious injuries were clearly caused by Floeter's negligence, Liberty Mutual made no offer to settle

the claim for over one year.

On March 30, 2011, Minter filed the instant bad-faith action against Liberty Mutual in Jefferson County, Kentucky, Circuit Court. Liberty Mutual timely removed to this court based on its diversity jurisdiction. This court referred the matter to Judge Moyer for the resolution of all "litigation planning issues, entry of scheduling orders, consideration of amendments thereto, and disposition of all non-dispositive matters, including discovery issues."

On October 28, 2011, Minter filed a motion to compel Liberty Mutual to fully answer each interrogatory and request for production of documents propounded by Minter. In the motion, Minter noted that Liberty Mutual had refused to answer certain of Minter's interrogatories or to provide certain documents based, among other things, on attorney-client privilege. In its response to the motion, Liberty Mutual argued, *inter alia*, that communications between Liberty Mutual and its attorneys during the underinsured motorist action were protected by the attorney-client privilege. On March 1, 2012, Judge Moyer issued an order granting the motion to the extent of ordering Liberty Mutual to produce for *in camera* review by the court "all communications between the defendant and its counsel that occurred during the litigation of plaintiff's underlying underinsured motorist claim and have been withheld from discovery on the basis of any privilege." Liberty Mutual complied with that order and produced documents for Judge Moyer's review.

On June 25, 2012, Judge Moyer issued a memorandum opinion and order concerning the propriety of the attorney-client privilege as it applied to the documents Liberty Mutual produced for Judge Moyer's *in camera* review. In that opinion and order, Judge Moyer found that Liberty Mutual could not assert the attorney-client privilege to shield materials contained in Minter's underlying claims file. Judge Moyer quoted *Shaheen v. Progressive Cas. Ins. Co.*, 2012 WL 692668, at *3 (W.D.Ky. Mar. 2, 2012): "For discovery requests in first-party cases, because the insurance file is

created on behalf of the insured, the entire file is typically discoverable by the plaintiff." The magistrate judge also noted that policy reasons supported production of the claims file: "Without the claims file, a contemporaneously-prepared history of the handling of the claim, it is difficult to see how an action for first-party bad faith could be maintained without requiring an overwhelming number of depositions, whose costs would thereby render all but the rare wealthy few first-party bad faith claimants financially unable to proceed."

Liberty Mutual did not file objections to Judge Moyer's June 25, 2012 order. Instead, on July 11, 2012, Liberty Mutual filed with the court a notice of compliance with that order.

On November 5, 2012, Minter noticed the depositions of four witnesses: Cindy Holtkamp, Jennifer Fallon, Sandra Scott, and Douglas Kemper. The first three were Liberty Mutual claims adjusters or supervisors, while Kemper was an attorney who represented Liberty Mutual in Minter's suit on the underinsured motorist claim.

Liberty Mutual moved for a protective order limiting the depositions to protect from disclosure of any confidential attorney-client communications. Liberty Mutual argued:

> In support of this position, under Kentucky law, the attorney-client privilege protects communications in first-party bad faith cases when the insured's attorney did not represent the interest of the insured in the underlying case. The Magistrate Judge's previous order of June 25, 2012 abrogating the attorney-client privilege in first-party bad faith cases is erroneous and is contrary to the decisions of numerous other courts which have squarely determined this issue.

On December 10, 2012, Judge Moyer denied Liberty Mutual's motion for a protective order. In that order, Judge Moyer stated that Liberty Mutual's arguments in support of its motion could be "distilled to one central premise: that a June 25, 2012, order regarding a non-dispositive discovery dispute . . . is supposedly erroneous" (citing to numerous assertions by Liberty Mutual in its motion for a protective order that the June 25, 2012 order was erroneous). Thus, Judge Moyer stated,

Liberty Mutual's motion was "more appropriately characterized as an attempt to do now what it did not do then (*i.e.*, object to the June order)." However, because any such objection would, by then, be untimely, Judge Moyer found that review of the June 25, 2012 order would be precluded and thus denied the motion for a protective order.

Liberty Mutual timely objected to Judge Moyer's December 10, 2012 order. In its objections, Liberty Mutual argues that Judge Moyer wrongly interpreted its motion for a protective order as an untimely objection to his June 25, 2012 order. Liberty Mutual also asks this court to "reinstate, in accordance with well-recognized law, the attorney-client privilege in this lawsuit to limit the scope of the upcoming depositions of three [of] Liberty Mutual's adjusters . . . as well as Liberty Mutual's defense counsel for the underlying underinsured motorist claim."

Rule 72(a) of the Federal Rules of Civil Procedure states that when a party objects to a Magistrate Judge's order in a nondispositive matter, the District Judge "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." "A finding is clearly erroneous when the reviewing court . . . is left with the definite and firm conviction that a mistake has been committed." *Heights Cmty. Cong. v. Hilltop Realty, Inc.*, 774 F.2d 135, 140 (6th Cir. 1985).

As an initial matter, to the extent that Liberty Mutual sought in its motion for a protective order to relitigate the issue of whether the attorney-client privilege applied to the documents Judge Moyer ordered Liberty Mutual to produce in his June 25, 2012 order, Judge Moyer correctly found that the issue had been waived by Liberty Mutual's failure to file timely objections to the June 25, 2012 order. However, the court is left with a definite and firm conviction that Judge Moyer erred in treating the motion for a protective order *only* as untimely objections to his earlier order. In that

regard, as Liberty Mutual points out, the June 25, 2012 order found only that Liberty Mutual was required to turn over certain documents, while the motion for a protective order relates to live testimony at scheduled depositions.

To be sure, Judge Moyer may believe that the analysis of the attorney-client privilege that led him to order production of documents in the June 25, 2012 order also mandates denial of Liberty Mutual's motion for a protective order. Certainly, Liberty Mutual seemed to believe so, as it spent much of its motion for a protective order attacking the conclusions of law underlying the analysis in Judge Moyer's June 25, 2012 order. This court expresses no opinion as to those conclusions of law or as to the merits of the motion for a protective order. But, because the court finds that the motion for a protective order concerns a different type of discovery than that addressed by the June 25, 2012 order, the court will re-refer the matter to Judge Moyer for his consideration of the merits of Liberty Mutual's motion for a protective order. Judge Moyer may supplement or amend his December 10, 2012 order and accompanying memorandum opinion in any way necessary to resolve the merits of Liberty Mutual's motion.[1]

For all the reasons stated above and the court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that the objections (DN 65) of the Defendant, Liberty Mutual, to the Magistrate Judge's order dated December 10, 2012 are **SUSTAINED to the extent of re-referring the matter to the Magistrate Judge so that he may supplement or amend his**

---

[1] While Liberty Mutual asks this court to address the merits of its motion for a protective order, the court believes that the most appropriate course of action is for Judge Moyer to consider the merits in the first instance. Judge Moyer has overseen discovery throughout this case and, as such, is more intimately familiar with the precise nature of the discovery issues presented by Liberty Mutual's motion.

December 10, 2012 order and accompanying memorandum opinion to resolve the merits of

Liberty Mutual's November 9, 2012 motion for a protective order.


**IT IS SO ORDERED.**

February 13, 2013

**Charles R. Simpson III, Senior Judge**
**United States District Court**


cc:  Counsel of Record
     USMJ Moyer