UNTIED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

TIA MINTER                                                                      PLAINTIFF

v.                                                       CIVIL ACTION NO. 3:11CV-249-S

LIBERTY MUTUAL FIRE
INSURANCE COMPANY                                                              DEFENDANT

## MEMORANDUM OPINION

Ms. Minter has filed a motion to compel further deposition testimony from attorney Douglas Kemper, who represented Liberty Mutual in the underlying matter that gave rise to this litigation. By previous order (docket no. 78) this court permitted the deposition of Mr. Kemper, but noted that, in accordance with the Kentucky Supreme Court's recent guidance in *Collins v. Braden*, 384 S.W.3d 154 (Ky. 2012), the attorney-client privilege could be invoked to protect certain testimony. Accordingly, during Mr. Kemper's deposition, his counsel objected to several questions. Ms. Minter asserts that those answers should be compelled.

The first question for the court is whether the attorney-client privilege is applicable at all and, if so, whether Mr. Kemper should be required to answer any of the questions to which his counsel objected during his deposition.[1] In light of *Collins*, which was decided after Judge Russell's opinion in *Shaheen*, the court determines that the attorney-client privilege can be used to shield certain of Mr. Kemper's communications with Liberty Mutual.

---

[1] Many of the objections during Mr. Kemper's deposition were premised on the applicability of the work product doctrine, either standing alone or in conjunction with the attorney-client privilege (*i.e.*, those objections raised when a question asked for "litigation strategy"). Because neither party addressed the applicability of the work-product doctrine to any of the contested questions, this court will not make any ruling on the matter.

1

Yet, as the Kentucky Supreme Court stated, while the attorney-client privilege protects communications to and from an attorney from discovery, but "does not protect any facts or claims reported to the attorney … from all discovery." *Collins*, 384 S.W.3d at 159. But, *Collins* is clear that information about those facts and claims cannot be gleaned by asking an attorney what communications he had with his client. Rather, such facts should be discovered by means of "other discovery tools like depositions of …. employees." *Id.*

Ms. Minter asserts, however, that Liberty Mutual waived any privilege it might have claimed when it turned over its entire file regarding the underlying action. Attorney-client privilege cannot be waived by compliance with a court's order, though, *see* Ky. R. Evid. 509, and Liberty Mutual only turned over the file after this court directed it to do so.

Nevertheless, attorney-client privilege may be *impliedly* waived if a party relies on "advice of counsel" as a defense, regardless of whether any privileged documents or information have already been disclosed. *See 3M v. Engle*, 328 S.W.3d 184, 288-89 (Ky. 2010). Yet, while it is true that Liberty Mutual's answer to the complaint contains many statements that it acted in accordance with the law, those are boilerplate contentions common to many answers that cannot reasonably be construed as an express or implied "advice of counsel" defense, particularly since Liberty Mutual explicitly stated in its response to Ms. Minter's motion to compel that "advice of counsel" is not one of its defenses. *See* Resp. at 7. Accordingly, the court determines that Liberty Mutual has not waived its attorney-privilege.

Ms. Minter's final argument is that the attorney-client privilege is inapplicable because Mr. Kemper was acting not as an attorney in the underlying matter, but as an adjuster. Ms. Minter's assertion is not entirely without basis, particularly given Liberty Mutual's own review of the matter, in which it questioned why Mr. Kemper was retained at all, but the fact remains that he was

2

retained. Attorneys representing their clients wear many hats at once, including those of investigators and settlement negotiators, and the fact that Mr. Kemper's actions overlapped with those commonly taken by insurance adjustors does not mean he was also acting as an attorney who was providing legal advice about a contested matter. An attorney retained by a client does not cease being an attorney while negotiating to settle a case, even though an adjuster could also handle such a negotiation. Accordingly, this court is not inclined to rule that confidential communications between Mr. Kemper and Liberty Mutual regarding the evaluation, investigation, and defense of the underlying claim were not "made for the purpose of facilitating the rendition of professional legal services …." Ky. R. Evid. 503(b).

For the reasons stated herein, this court will deny Ms. Minter's motion to compel by a separate order consistent with this opinion.

DATE:

cc: counsel of record